## MEADER *v.* PLACE.

43   307
68   311

A voluntary separation of husband and wife will not, after the husband's decease, deprive the widow of her homestead rights under the statute.

Nor will a conveyance by mortgage, or a lease, or other conveyance, not signed by the wife, bar the widow of her homestead. Nor will a temporary residence of the husband in a foreign jurisdiction, or the purchase of doubtful or contingent estate there, deprive the wife of her estate created under the act here.

In this case the parties agree to the following statement of facts: The said Meader is creditor of the estate of one Moses Place. The said Patience Place was married to the said Moses Place, say thirty years ago; has never been divorced, nor entered into any agreement to live separately. They had one son; lived together about fifteen years, the son then being about nine years old, when a disagreement arose between the said Patience and her said husband, concerning a sister of the said Patience who was living in the family, the said Patience charging improper intimacy between the said Moses and her said sister, which resulted in a separation.

The said Moses Place was then and had always been a poor man, lived in a hired house, and had no property excepting, perhaps, his household furniture. Of this the said Patience took such as she carried to her said husband at the time of her marriage, and of the rest so much as she pleased, and has since lived by herself, boarded some and kept house some, had rooms and was keeping house in Dover at the time of the decease of the said Moses Place, and had been for some years preceding; and always after the separation received her own earnings and supported herself.

After the separation, said Moses Place bought the farm in Rochester in which said Patience in this case claims a homestead, where he and his son resided until early in 1857, when he leased his said farm, and with his son went to Minnesota, and with others built a saw-mill and entered largely into the lumber business, and on the 8th day of April, A. D. 1858, died insolvent.

On the 13th day of April, A. D. 1857, the said Moses executed a mortgage of said Rochester farm to said Meader and others, to secure them for signing, as his sureties, a note for $2500.

In March, 1858, the said Moses Place, in writing, again leased said farm for the term of one year from April 1, 1860.

Soon after receiving intelligence of the death of said Moses Place, the said Patience moved into the house on the said Rochester farm, and claimed her right of homestead in said farm, and has since made it her home there with the family of the lessee of said Moses Place, who has remained and occupied the farm since he first commenced in 1857. The said son of the said Moses and Patience still resides in the West.

*Wheeler & Hall,* for the appellant, referred to *Hoit* v. *Webb,* 36 N. H. 158; *Horn* v. *Tafts,* 39 N. H. 478; *Norris* v. *Moulton,* 34 N. H. 392.

*R. Kimball,* for the appellee, referred to *Atkinson* v. *Atkinson,* 37 N. H. 434; *Fletcher* v. *State Capital Bank,* 37 N. H. 369.

NESMITH, J. It may be considered as settled in this State, that the voluntary separation of husband and wife, for the cause assigned in this case, does not debar the wife of the privileges conferred by the homestead exemption statute.

The right is acquired by virtue of the marital relation, and generally the wife's claims become complete, and can be consummated under proper legal proceedings, after the husband's death. *Atkinson* v. *Atkinson,* 40 N. H. 249. The wife's legal home is the husband's, and the last homestead occupied by the husband at the time of his death has been construed to be her last homestead, whether living together at the time or separately.

The marital relations of husband and wife existing in full force at the time Place owned and occupied his farm at Rochester, the homestead right of the wife at the same time was conferred upon his wife in the farm, and still continues, unless annulled by her own acts, or unless Place has since provided another homestead, where she can enjoy a similar privilege. The case does not show that the wife has either lost her estate by a conveyance, or through forfeiture in consequence of any improper conduct on her part.

The remaining question is, whether, by incumbering his farm by a lease for a short term, and by going to a foreign jurisdiction, and by building a company saw-mill and entering largely into lumbering, and then dying insolvent, her claim to a homestead in the Rochester farm can be thus barred. Were the saw-mill located in this State, the wife's right might attach to any interest the husband

might possess therein, though standing on land of another.    Pamphlet Laws, ch. 1089, sec. 2.

But the case does not find that Place actually owned any thing in the saw-mill at the time of his decease, nor that he owned or possessed any estate here or elsewhere, of which the wife might avail herself, except the farm at Rochester.

The privileges and benefits conferred by this statute are limited in the extent of its jurisdiction, to the boundaries of our own State. At the time of the death of Place, it is by no means certain that he had adopted the State of Minnesota as his permanent home.    It is true his business appears to have been there after 1857.

His farm was incumbered by mortgage, but the fact that he leased his Rochester farm only for short terms does not show that he had permanently abandoned this State as his place of residence, nor does it appear that he had any other dwelling or real estate worth $500.    It is the language of the statute that the wife is not to be deprived of her estate except by her own unequivocal act, by uniting with her husband in a joint deed while he was alive, or by the clear undoubted change of domicil on the part of the husband, legally transferring her to another jurisdiction.

As it does not appear that either of the above contingencies had removed the lien of the wife, we are, therefore, of the opinion that the case should be remanded to the court of probate, and that an assignment of the widow's homestead estate should be had in the Rochester farm, agreeably to the statute.